**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUAN MOYANO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 18 C 2105 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, Circuit Court Judge:

On March 22, 2018, pro se Petitioner Juan Moyano filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Moyano's § 2255 motion and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). [R. 1, 9].

**PROCEDURAL BACKGROUND**

On January 7, 2015, a grand jury returned an indictment charging Moyano and his co-defendants in relation to drug trafficking charges. In particular, the indictment charged Moyano with possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Nine).[1] On November 7, 2016, Moyano entered a plea of guilty to Count Nine of the indictment pursuant to a written plea agreement. On April 19, 2017, the Court sentenced Moyano to a total term of 87 months in prison, which was below the sentencing guidelines range. The Court entered the judgment and commitment on April 20, 2017. Moyano did not file an

---

[1] Moyano was charged in a separate indictment in case number 14 CR 542, that the Court dismissed on March 10, 2016 pursuant to the government's motion.

appeal to the United States Court of Appeals for the Seventh Circuit, but rather filed the present § 2255 motion on March 22, 2018.

Construing his pro se § 2255 motion and filings liberally, *see Terry v. Spencer,* 888 F.3d 890, 893 (7th Cir. 2018), Moyano argues that the Court erred in assessing his criminal history category in relation to a 1998 conviction in the Circuit Court of Cook County for unlawful possession of a motor vehicle (98 CR 28540), in which he was sentenced to four years in prison. In particular, Moyano asserts that the Court erred in applying three points under U.S.S.G. § 4A1.1 when computing his criminal history category because he did not serve the requisite one year and one month under the sentencing guideline, but instead served six months in boot camp.[2]

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). To obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." 28 U.S.C. § 2255. A motion under § 2255 is not a substitute for a direct appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under § 2255 "will not be allowed to do service for an appeal"); *Williams v. United States*, 879 F.3d 244, 248 (7th Cir. 2018). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default

---

[2] Illinois' Impact Incarceration Program, 730 ILCS 5/5-8-1, is an alternative sentencing program often referred to as "boot camp." *See Mayorov v. United States*, 84 F. Supp. 3d 678, 682 (N.D. Ill. 2015).

and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *See Farmer v. United States*, 867 F.3d 837, 842 (7th Cir. 2017); *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Because Sixth Amendment claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Perrone v. United States,* 889 F.3d 898, 909 (7th Cir. 2018).

## ANALYSIS

The Court first notes that because the Sentencing Guidelines are advisory rather than mandatory, arguments concerning alleged court error in sentence calculations are not cognizable on collateral review in a § 2255 motion. *See generally Hawkins v. United States,* 706 F.3d 820 (7th Cir. 2013); *see also United States v. Coleman,* 763 F.3d 706, 708-09 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 16, 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum."); *Welch v. United States,* 604 F.3d 408, 412 (7th Cir. 2010) ("[D]eviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion.").

That being said, Moyano's argument fails on the merits because "criminal history points are based on the sentence pronounced, not the length of time actually served." *United States v. Gajdik*, 292 F.3d 555, 558 (7th Cir. 2002); *see also United States v. Womack,* 610 F.3d 427, 430 (7th Cir. 2010) ("the period of imprisonment imposed, not the period served in the Illinois Impact Incarceration Program, shall be considered in determining whether a prior sentence of

3

imprisonment exceeded thirteen months."). Thus, that Moyano served six months in "boot camp" instead of four years in prison is not material to the Court's criminal history calculation. Moreover, Moyano's argument that his defense counsel failed make this argument to the Court – an argument raised for the first time in his reply brief – does not save the day because lawyers are not constitutionally required to raise meritless claims. *Peterson v. Douma*, 751 F.3d 524, 533 (7th Cir. 2014) ("Sixth Amendment does not require counsel" to "press meritless arguments before a court," and "it is always good strategy to avoid wasting time or the court's attention with claims that are going nowhere.") (citation omitted).

Moreover, under U.S.S.G. § 4A1.2(e)(1), Moyano's underlying Circuit Court of Cook County sentence fell within the applicable fifteen-year time period because Moyano's Illinois Department of Corrections records show that he was incarcerated during part of the relevant fifteen-year period, namely, that he was readmitted into custody on March 17, 2001 after serving time in "boot camp." [R. 17-1, Ex. A.] To clarify, the applicable time period under U.S.S.G. § 4A1.2(e)(1) includes:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

Because Moyano was incarcerated for part of the relevant fifteen-year time period, the second clause of § U.S.S.G. 4A1.2(e)(1) applies under the circumstances. *See United States v. Jones,* 844 F.3d 636, 647 (7th Cir. 2016) ("there is a fifteen-year lookback period for prior felony convictions"). Accordingly, Moyano's § 2255 claim fails on the merits.[3]

---

[3] Because the motion, files, and records of this case conclusively show that Rivas is not entitled to any relief under § 2255, the Court need not hold an evidentiary hearing. *See Perrone v. United States,* 889 F.3d 898, 910 (7th Cir. 2018); 28 U.S.C. § 2255(b).

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *Stechauner v. Smith,* 852 F.3d 708, 718 (7th Cir. 2017). Under this standard, Moyano must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Because Moyano's § 2255 claim is not cognizable on collateral review and is also without merit, reasonable jurists would not debate that the Court should have resolved his § 2255 motion in a different manner. The Court therefore declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** July 11, 2018

        **ENTERED**

*[signature: Amy J. St. E]*

**AMY J. ST. EVE**
**United States Circuit Court Judge**
**Sitting by Designation**